IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

KAUKAB NASEER and  \*
SHAHLA KAUKAB  \*
                               \*
    Plaintiffs                \*
                               \*
v.                             \*      No. 1:20-cv-79
                               \*
STATE FARM FIRE AND  \*
CASUALTY COMPANY,  \*
                               \*
    Defendants

## ANSWER OF DEFENDANT, STATE FARM FIRE AND CASUALTY COMPANY

Comes your Defendant, State Farm Fire and Casualty Company ("SFFCC"), by and through counsel, and would answer the Plaintiffs' Complaint as follows:

### I. PARTIES

1. The allegations contained in paragraph 1 are admitted.

2. The allegations contained in paragraph 2 are admitted.

### II. VENUE AND JURISDICTION

3. It is admitted that the events giving rise to the allegations in this Complaint occurred in Hamilton County, Tennessee. It is admitted that jurisdiction and venue are proper before the United States District Court for the Eastern District of Tennessee at Chattanooga.

### III. FACTS

4. SFFCC is without sufficient information to admit or deny the allegations contained in paragraph 4. As such, those allegations are denied and strict proof is demanded.

5. The allegations contained in paragraph 5 are admitted.

1

6. The allegations contained in paragraph 6 are admitted.

7. SFFCC is without sufficient information to admit or deny the allegations contained in paragraph 7. As such, those allegations are denied and strict proof is demanded.

8. It is admitted that the Plaintiffs did report damage to the SFFCC and made a claim.

9. The allegations contained in paragraph 9 are admitted.

10. The allegations contained in paragraph 10 are admitted.

11. SFFCC is without sufficient information to admit or deny the allegations contained in paragraph 11. As such, those allegations are denied and strict proof is demanded.

12. It is admitted that the Plaintiffs advised SFFCC of Mr. Martinez's examination and demanded indemnity. SFFCC denies that the Plaintiffs should be indemnified for this loss.

13. SFFCC is without sufficient information to admit or deny the allegations contained in paragraph 13. As such, those allegations are denied and strict proof is demanded.

14. The allegations contained in paragraph 14 are admitted.

15. The allegations contained in paragraph 15 are denied and strict proof is demanded.

16. The allegations contained in paragraph 16 are denied and strict proof is demanded.

17. SFFCC is without sufficient information to admit or deny the allegations contained in paragraph 17. As such, those allegations are denied and strict proof is demanded. A copy of the insurance policy is attached to this answer and a copy has been provided to the Plaintiffs with each renewal of their policy.

18. The allegations contained in paragraph 18 are denied and strict proof is demanded.

19. The allegations contained in paragraph 19 are admitted.

20. It is denied that sinkhole activity at the Plaintiffs' residence in March 2019 caused damage. As such, the allegations contained in paragraph 20 are denied and strict proof is demanded.

21. The allegations contained in paragraph 21 are denied and strict proof is demanded.

22. The allegations contained in paragraph 22 are denied and strict proof is demanded.

23. SFFCC denies that damages at the Plaintiffs' home were cause by a covered loss. As such, there are no damages that are covered by this policy. SFFCC is without sufficient information to admit or deny the alleged damages suffered by the Plaintiffs. As such, those damaged are denied.

### IV.     CLAIMS

24. To the extent there are allegations of negligence, breach of contract and/or liability against SFFCC in the preceding paragraphs, those allegations are denied and strict proof is demanded.

25. The allegations contained in paragraph 25 are admitted.

26. The allegations contained in paragraph 26 are denied. Specifically, it is denied that an event occurred which was a covered loss under the policy.

27. The allegations contained in paragraph 27 are denied and strict proof is demanded.

28. The allegations contained in paragraph 28 are denied and strict proof is demanded.

29. To the extent there are allegations of negligence, breach of contract and/or liability against SFFCC in the preceding paragraphs, those allegations are denied and strict proof is demanded.

30. The allegations contained in paragraph 30 are admitted.

31. The allegations contained in paragraph 31 are denied and strict proof is demanded. Specifically, the Plaintiffs did not suffer a covered loss.

32. The allegations contained in paragraph 32 are denied and strict proof is demanded.

33. The allegations contained in paragraph 33 are denied and strict proof is demanded. Specifically, a copy of the policy is provided to the Plaintiffs at each renewal of their homeowner's policy.

34. The allegations contained in paragraph 34 are denied and strict proof is demanded. Specifically, SFFCC has fully complied with all requirements under the Tennessee Sinkhole Statute

3

and its denial was based upon a geotechnical report determining that there was no sinkhole activity at the Plaintiffs' home.

35. It is denied that the Plaintiffs have waited more than 60 days from making their demand before filing suit.

36. The allegations contained in paragraph 36 are denied and strict proof is demanded.

37. The allegations contained in paragraph 37 are denied and strict proof is demanded.

For further affirmative defense, SFFCC would state as follows:

1. Plaintiff has failed to state a claim upon which relief may be granted.

2. State Farm relies upon all defenses available to it under Tennessee Code Annotated § 56-7-130.

3. Pursuant to Tennessee Code Annotated § 56-7-130, State Farm would show that it met all of the requirements of the statute in its examination of the property. Specifically, State Farm had a professional engineering/geotechnical company examine the allegations made by Plaintiff. State Farm relied upon the expert report of that geologist/geotechnical engineering firm as allowed under Tennessee Code Annotated § 56-7-130. As such, Plaintiffs' claims must be dismissed.

4. State Farm relies upon all defenses available to it under the Tennessee Bad Faith Statute, Tennessee Code Annotated § 56-7-105. State Farm complied with its duties under § 56-7-105 and did not act in bad faith.

5. Pursuant to Tennessee Code Annotated § 56-7-105, Plaintiff may not seek punitive damages in an action against its insurance carrier. As such, Plaintiff's claim for punitive damages must be dismissed.

6. State Farm relies upon the provisions of the insurance contract between the parties and would show that it governs the damages and/or claims that can be exerted against State Farm.

4

State Farm would further note that Plaintiffs have not complied with all provisions of the Policy.  As such, Plaintiffs' claims must be dismissed.

7. SFFCC relies upon all defenses available to it under the Tennessee Sinkhole Statute found at Tennessee Code Annotated § 56-7-130.

Now, after fully answering the Plaintiffs' Complaint, SFFCC would move that this action be dismissed with full prejudice as to the refiling with the costs assessed to the Plaintiffs.  Alternatively, SFFCC requests that a jury of its peers be seated for trial of this matter.

Respectfully submitted, this the 26th day of March 2020.

**KAY GRIFFIN, PLLC**

*/s/ Matthew J. Evans*
Matthew J. Evans     (BPR #017973)
Nina M. Eiler   (BPR#033457)
900 S. Gay Street, Suite 802
Knoxville, Tennessee   37902
(865) 314-8422
*Attorneys for State Farm Fire and Casualty Company*

**CERTIFICATE OF SERVICE**

   I hereby certify that a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular United States mail. Parties may access this filing through the Court's electronic filing system.

                 */s/ Matthew J. Evans*
                 Matthew J. Evans